UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: _____

SWEDISHANDSTYLISH LLC,
a Florida limited liability company,

    Plaintiff,

v.

CHRISTIAN DIOR, INC.
a New York corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff Swedishandstylish LLC ("Swedishandstylish"), by and through its undersigned counsel, for its Complaint against Defendant Christian Dior, Inc. ("Dior"), hereby alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act.  This action arises out of Dior's unauthorized reproduction of two copyrighted photographs owned and registered by Swedishandstylish.  Swedishandstylish seeks injunctive and monetary relief for Defendant's infringement.

### JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant is incorporated and headquartered in New York.

52105437;5

4. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant resides in this district.

## PARTIES

5. Plaintiff Swedishandstylish is a Florida limited liability company. As detailed further below, Plaintiff is the owner of the registered copyrights in two photographs from the Instagram account named "swedishandstylish" that have been copied and published without authorization by Defendant Dior for its commercial gain.

6. On information and belief, Defendant Dior is a corporation formed under the laws of New York and headquartered in Manhattan. Dior is a subsidiary of Paris-based Christian Dior SE, one of the world's most famous fashion houses. Dior markets and sells luxury fashion products, including couture clothing, shoes, handbags, perfumes and cosmetics, watches, and jewelry.

## FACTS

7. The Instagram account named swedishandstylish typically features copyrighted photographs that show a woman wearing designer clothing and/or accessories, often with additional such fashion items artistically arranged in the frame.

8. The swedishandstylish Instagram account has over 168,000 followers, and photographs posted on the account typically receive between 15,000 to over 150,000 views each.

9. One such copyrighted photograph posted on the swedishandstylish Instagram account is depicted below:



This photograph, posted in 2017 with a caption that included the phrase "Blue or white," depicts a woman wearing and holding Christian Dior shoes and accessories, with others arranged on her lap, including blue and white sunglasses (the "Blue or White Photograph").

10. Plaintiff Swedishandstylish owns all right, title, and interest in the copyright in the Blue or White Photograph, including the right to sue for past infringement. That copyright is federally registered with the United States Copyright Office (U.S. Copyright Reg. No. VA2-157-967). A copy of the registration is attached as Exhibit A.

11. Another photograph that has been posted on the swedishandstylish Instagram account is depicted here:

52105437;5



This photograph, posted in 2017 with a caption that included the phrase "Good morning," depicts a woman wearing Christian Dior sneakers and a Christian Dior ring while sitting next to artistically arranged Christian Dior sunglasses and a Christian Dior handbag (the "Good Morning Photograph"; collectively with the Blue or White Photograph, the "Infringed Photographs").

12. Plaintiff Swedishandstylish owns all right, title, and interest in the copyright in the Good Morning Photograph, including the right to sue for past infringement. That copyright is federally registered with the United States Copyright Office (U.S. Copyright Reg. No. VA2-157-891). A copy of the registration is attached as Exhibit B.

13. Plaintiff's Infringed Photographs are wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in them.

14. Defendant promotes and markets its luxury products to its customers using, among other things, "lookbooks," which are visually appealing fashion catalogues of well-styled images that feature Christian Dior products.

52105437;5

15. Beginning some time after the Blue and White Photograph and Good Morning Photograph were posted on the swedishandstylish Instagram account, Defendant copied those photographs without any right to do so and prominently featured them in one or more of its lookbooks, including on the cover of at least one lookbook.

16. Defendant used the lookbooks featuring the Infringed Photographs to, among other things, market and promote Defendant's products, including but not limited to members of the public who are its end customers.

17. At no time did Defendant have, or seek, authority or permission to use the Infringed Photographs in any way.

18. Defendant knowingly copied, displayed, and distributed the Infringed Photographs for its own commercial gain to reap the benefit and value associated with the Infringed Photographs, without any authorization, consent, or knowledge from the copyright owner, and without any compensation to the copyright owner.

19. By failing to obtain authorization from the copyright owner to use the Infringed Photographs or to compensate the copyright owner for Defendant's use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Infringed Photographs, as well as the restrictions to which the copyright owner is entitled to and would place on any such exploitation, including the right to deny permission altogether.

20. As a result of Defendant's actions described above, Plaintiff Swedishandstylish has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, and public display of the Infringed Photographs.

21. Upon information and belief, Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

22. Plaintiff Swedishandstylish seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, damages, Defendant's profits, and/or statutory damages from Defendant's willfully infringing conduct, and other monetary relief.

## COUNT ONE
### Federal Copyright Infringement (Blue Or White Photograph)
### (17 U.S.C. § 501)

23. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

24. The Blue or White Photograph is an original photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. Plaintiff is the exclusive owner of rights under copyright in and to the Blue or White Photograph. Plaintiff owns a valid copyright registration for the Blue or White Photograph.

25. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Blue or White Photograph without Plaintiff's permission, Defendant has infringed Plaintiff's exclusive rights in the Blue or White Photograph in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

26. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Blue or White Photograph, and has enabled Defendant illegally to obtain profit therefrom.

27. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to its damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

28. Alternatively, Plaintiff is entitled to the maximum statutory damages permitted pursuant to 17 U.S.C. § 504(c) for Defendant's willful infringing conduct for each of Plaintiff's works that Defendant has infringed and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

29. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

30. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Blue or White Photograph. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT TWO**

**Federal Copyright Infringement (Good Morning Photograph)**

**(17 U.S.C. § 501)**

31. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

32. The Good Morning Photograph is an original photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. Plaintiff is the exclusive owner of rights under copyright in and to the

Good Morning Photograph. Plaintiff owns a valid copyright registration for the Good Morning Photograph.

33. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Good Morning Photograph without Plaintiff's permission, Defendant has infringed Plaintiff's exclusive rights in the Good Morning Photograph in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

34. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Good Morning Photograph, and has enabled Defendant illegally to obtain profit therefrom.

35. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to its damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

36. Alternatively, Plaintiff is entitled to the maximum statutory damages permitted pursuant to 17 U.S.C. § 504(c) for Defendant's willful infringing conduct for each of Plaintiff's works that Defendant has infringed and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

37. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

38. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the

Good Morning Photograph. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has committed copyright infringement in violation of Section 501 of the Copyright Act (17 U.S.C. § 501), and that its infringement has been willful, in disregard of and with indifference to Plaintiff's rights;

2. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parent, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. reproducing, distributing, or displaying the Infringed Photographs and any products, works, or other materials that include, copy, are derived from, or otherwise embody one or both of the Infringed Photographs; and

   b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales derived from exploitation of the Infringed Photographs or any products, works, or other materials that include, copy, are derived from, or otherwise embody one or both of the Infringed Photographs.

4. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies of the Infringed

Photographs and any products and works that embody any reproduction or other copy or colorable imitation of one or both of the Infringed Photographs.

5.      That Defendant, at its own expense, be ordered to recall any products, works, or other materials that include, copy, are derived from, or otherwise embody one or both of the Infringed Photographs, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6.      Awarding Plaintiff:

    a.      Defendant's income, profits, or other benefits obtained as well as Plaintiff's damages sustained as a result of Defendant's infringing conduct pursuant to 17 U.S.C. § 504(b), or the maximum available statutory damages pursuant to 17 U.S.C. § 504(c);

    b.      Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

    c.      pre-judgment and post-judgment interest on the foregoing sums; And

7.      Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date:  March 9, 2020.

                Respectfully submitted,

                __/s/ David Brafman_____
                David Brafman
                AKERMAN LLP
                777 South Flagler Drive
                Suite 1100, West Tower
                West Palm Beach, FL  33401
                Tel.:  (561) 653-5000
                Fax:  (561) 659-6313
                Email: david.brafman@akerman.com

                *Counsel for Plaintiff Swedishandstylish, LLP*